UNITED STATES of America,
Plaintiff–Appellee,

v.

Augustine DE LA CRUZ–DIAZ,
Defendant–Appellant.

No. 03–4196.

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 24, 2003.

Decided Dec. 23, 2003.

William E. Loose, William E. Loose, P.A., Asheville, North Carolina, for Appellant. Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Before WIDENER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM.

Augustine De La Cruz–Diaz pled guilty to transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2000). The district court sentenced him to thirty months in prison. Under the terms of his plea agreement, De La Cruz–Diaz waived the right to appeal his conviction and sentence, except for claims of prosecutorial

misconduct or ineffective assistance of counsel. De La Cruz–Diaz's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that, in his opinion, there were no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserted claims of prosecutorial misconduct and ineffective assistance of counsel. De La Cruz–Diaz has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm De La Cruz–Diaz's conviction and sentence.

A defendant may waive his right to appeal if the waiver is knowing and voluntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir.2000); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992). Our review of De La Cruz–Diaz's guilty plea hearing, conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure, discloses that De La Cruz–Diaz's waiver of his appeal rights was knowing and voluntary.

To the extent that De La Cruz–Diaz asserts prosecutorial misconduct, his claims are not supported by the record. Furthermore, ineffective assistance of counsel claims are not considered on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir.1991). Because the record does not conclusively establish that counsel was ineffective, any such claims are more appropriately raised in a 28 U.S.C. § 2255 (2000) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm De La Cruz–Diaz's convictions and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*